IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **NewSpin Sports LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 17 C 345 |
| | ) |
| **Arrow Electronic, Inc.,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Arrow Electronics, Inc.'s (Arrow) motion to dismiss. For the following reasons, Arrow's motion to dismiss is granted.

**BACKGROUND**

Plaintiff NewSpin Sports LLC (NewSpin) alleges that on August 18, 2011, NewSpin and Arrow entered into an agreement that was titled, "Materials and Manufacturing Management Agreement Board Assembly" ("Agreement"). NewSpin alleges that in mid-2012, Arrow breached the Agreement by shipping some components to NewSpin that were defective and not in conformance with the specifications NewSpin provided to Arrow. On January 17, 2017, NewSpin filed the

1

complaint in this action alleging claims of breach of contract (Count I), breach of implied covenant of good faith and fair dealing (Count II), breach of warranty (Count III), fraud (Count IV), fraudulent misrepresentation (Count V), negligent misrepresentation (Count VI), and unjust enrichment (Count VII). Arrow now moves to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); see also *Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

I. Controlling Law

The parties do not dispute that the Agreement contains a choice of law provision stating that New York law shall govern the contract and all disputes relating to and arising under the Agreement. This cause of action is before the court under diversity jurisdiction, 28 U.S.C. § 1332. In general, "a federal court sitting in federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 must apply the substantive law of the state in which it sits." *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78–80 (1938). Also, "[s]tatutes of limitations are generally considered part of the forum state's substantive law which federal courts must apply when sitting in diversity." *Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 528 (7th Cir. 1999). In addition, "when applying a state statute of limitations, a federal court sitting in diversity must apply state law governing accrual of a cause of action for purposes of the commencement of a relevant limitations period." *Kremers v. Coca-Cola Co.*, 712 F. Supp.2d 759, 763 (S.D. Ill. 2010)(*citing Hollander v. Brown*, 457 F.3d 688, 694 (7th Cir. 2006)). Accordingly, although the case was filed in Illinois, New York is the forum state. Thus, New York law will govern the Agreement and causes of action arising from and related to the Agreement.

II. The Uniform Commercial Code

Arrow contends that the contract-based claims should be dismissed because the Agreement with NewSpin is one for the sale of goods and is thus governed by the New York Uniform Commercial Code ("UCC") and time-barred. Under New York law, "the statute of limitations for breach of contract actions on sale of goods is four years." *Four Seasons Solar Products Corp. v. Southwall Technologies, Inc.,* 2004 WL 1202019, at *1 (2d Cir. 2004)(*citing* N.Y. U.C.C. § 2-725(1)). Also, "[a] cause of action accrues when the breach occurs, regardless of the aggrieved parties lack of knowledge of the breach. . . ." N.Y. UCC § 2-725(2). A contract for the sale of goods is governed by the UCC. *Triangle Underwriters, Inc. v. Honeywell, Inc.*, 604 F.2d 737, 742-43 (2d Cir. 1979). Under New York law, "'[g]oods' means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities and things in action." N.Y. UCC § 2–105(1). However, the UCC does not apply to contracts which are predominately for the rendition of work, labor, and services rather than for the sale of goods. *See Schenecdaty Steel Co. v. Trimpoli Gen. Constr. Co.*, 350 N.Y.S.2d 920, 925 (N.Y. App. Div. 1974)(stating that "the Uniform Commercial Code does not apply to a contract such as the instant one where service predominates and the provision of goods is a mere incident"). In determining whether a contract is one of sale or to provide services, the court "must look to the 'essence' of the agreement." *North American Leisure Corp. v. A & B Duplicators, Ltd.,* 468 F.2d 695, 697 (2d Cir. 1972). Also, "[i]f the

provision of services or rendition of other performance predominates and is not merely incidental or collateral to the sale of goods, then the contract will not be subject to Article Two of the UCC with its four-year limitation." *Dynamics Corporation of America v. International Harvester Co.*, 429 F. Supp. 341, 346 (S.D.N.Y. 1977).

Arrow argues that the Agreement's essence and predominate purpose is for the sale of goods, falls under the UCC and is thus time-barred by the statute of limitations. NewSpin argues that the contract is for services and therefore, the statute of limitations is six years. *See Triangle Underwriters, Inc.*, 604 F.2d at 742 (stating that if "the contract is properly viewed as one for services, and not for a sale, then the New York statute of limitations is six years"). NewSpin argues that the management services are the essence of the Agreement and cannot be considered merely incidental or collateral to the sale of goods. NewSpin contends that Section 1.1 of the Agreement is titled, "Work," and states: "Work shall mean for Arrow to procure components and other supplies (Components) and to engage a sub-assembly house for the manufacture and assembly of Products or (Boards) through a subcontractor (the "Subcontractor") on the Customer's behalf pursuant to detailed, written specifications ("Specifications") which are provided by Customer and accepted by Arrow, and to deliver such products to a Customer designation location." (Compl. Ex. 1). NewSpin contends that the work under the Agreement consists of management, procuring components, engaging subcontractors, and delivery of products to be manufactured and assembled. NewSpin argues that Arrow was hired

to utilize its expertise to supervise the manufacture of usable components and that Arrow failed in this supervisory role. NewSpin also argues that the contract cannot be for the sale of goods because the Agreement does not include essential sales terms such as quantity, price, and description of items. NewSpin also contends that the product which Defendant was to oversee manufacturing did not exist at the time of the Agreement, was not ordered yet, and was certainly not moveable. NewSpin also contends that "Arrow's services were a spectacular failure, as the components that NewSpin ultimately received were unusable." (Mot. 1).

      The Agreement and NewSpin's own pleadings indicate that the Agreement was for the sale of goods, as NewSpin alleges that Arrow breached "the Agreement by providing defective and deficient components, including without limitation, defective and deficient flux-infiltrated switches, punctured batteries, computer processors, ball grid arrays and solder balls." (Compl. Par. 11). Also, NewSpin alleges that "Arrow breached the agreement by failing to provide components in accordance with the Agreement and in accordance with NewSpin Sports' specifications and Arrow breached the Agreement by failing to deliver components to NewSpin Sports, including, but not limited to, the NC/NR Components." (Compl. Par. 28). NewSpin's breach of contract allegations make clear that the essence of the contract was for the components and the components' specific parts. The court also notes that the title of the agreement, "New Spin Golf LLC Turnkey Agreement 08-10-2011," as stated on the lower left hand corner of the Agreement, reflects that the contract falls under the UCC because Arrow is tasked with delivering goods

under a turnkey agreement. The essence of the contract is focused on the products that were intended to be utilized in NewSpin's technology. Therefore, based on the above, the Agreement is governed by the UCC and the UCC's four-year statute of limitations applies.

II. Contract-Based Claims

Arrow contends that the claims for breach of contract, breach of warranty, and breach of implied covenant of good faith and fair dealing should be dismissed because they are time-barred under the UCC. Under the UCC, "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." UCC § 2-725(1); *Triangle Underwriters, Inc.*, 604 F.2d at 741. NewSpin alleges that the agreement was executed on August 8, 2011, and that the defective goods were delivered in mid-2012. The docket reflects that NewSpin filed this cause of action on January 17, 2017. NewSpin's allegations are thus not within the four-year statute of limitations under the UCC. Therefore, the claims for breach of contract, breach of warranty, and breach of implied covenant of good faith and fair dealing are dismissed.

III. Fraud Claims

Arrow argues that NewSpin's fraud-based claims fail as a matter of law because they are duplicative of the breach of contract claim and time-barred. To maintain a claim for fraud under New York law, a "plaintiff must either: (i)

demonstrate a legal duty separate from the duty to perform under the contract . . . (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract . . . or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages." *Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc.,* 98 F.3d 13, 20 (2d Cir. 1996). NewSpin has asserted no facts by which a reasonable inference could be drawn to conclude that any elements of this claim have been satisfied. NewSpin fails to allege facts demonstrating a legal duty separate from the duty to perform under the contract and fails to allege facts demonstrating a fraudulent misrepresentation collateral to the contract. The court also notes that NewSpin relies on the previous breach of contract arguments to support its claims for fraud, which indicates that NewSpin's fraud-based claims are contract claims dressed in tort. Because NewSpin's fraud claims are duplicative of the contract claims, they are time-barred under UCC § 2-725(1). *See Sears, Roebuck & Co. v. Enco Assocs.,* 43 NY 2d 389, 394 (N.Y. App. 1977)(stating that the courts must look to the essence of the claim, and not to the form in which it is pleaded). Therefore, Arrow's motion to dismiss the fraud and fraudulent representation claims is granted.

IV. Negligent Misrepresentation

Arrow contends that NewSpin's negligent misrepresentation claim should be dismissed as time-barred and subject to the economic loss rule under the UCC. Under New York law, "the elements for a negligent misrepresentation claim are that

8

(1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment." *King v. Crossland Savs. Bank*, 111 F.3d 251, 257–58 (2d Cir.1997). Similar to the court's reasoning on the fraud and fraudulent misrepresentation claims, the alleged negligent misrepresentation is essentially duplicative of the breach of contract claim. NewSpin alleges that Arrow, in several meetings, provided "information related to the specifications of its components. . . ." (Compl. 15). NewSpin alleges that Arrow misrepresented information regarding the following aspects of its components: functional flux-infiltrated switches, functional batteries, secured batteries, functional computer processors, functional ball grid arrays, and functional solder balls. This technology, and the underlying specifications, are wholly covered by the terms of the contract. In essence, the negligent misrepresentation claim attempts to hold Arrow liable for its contractual obligations. As such, the four-year statute of limitations in UCC § 2-725(1) applies to this cause of action. Therefore, this action, similar to the other fraud-based claims, is dismissed as untimely. The court also notes that even if the negligent misrepresentation claim were timely, it would be dismissed under the economic loss rule. *See Bocre Leasing Corp. v. Gen. Motors Corp. (Allison Gas Turbine Div.),* 645 N.E.2d 1195, 1196 (N.Y. 1995)(stating that "cogent policy considerations militate against allowing tort

recovery for contractually based economic losses in this kind of commercial dispute"). Therefore, Arrow's motion to dismiss NewSpin's negligent misrepresentation claim is granted.

### V. Unjust Enrichment

Arrow argues that NewSpin's unjust enrichment claim should be dismissed because the claim is time-barred. Under New York law, an unjust enrichment claim that is predicated on the same underlying allegations as the breach of contract claim will be governed by the four-year statute of limitations. *See Herba v. Chichester,* 301 A.D. 2d 822, 823 (2003)(stating that plaintiff's complaint establishes that the breach of contract, unjust enrichment and account causes of action are based on the same allegations and as "a result, all three causes of action are governed by the four-year statute of limitations and are time-barred"). In the instant action, the parties do not dispute that the unjust enrichment claim is essentially duplicative of the breach of contract claim. Therefore, Arrow's motion to dismiss the claim for unjust enrichment in Count VII is granted.

## CONCLUSION

For the foregoing reasons, Arrow's motion to dismiss is granted. Instant action is dismissed.

                                                _____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 26, 2017